## WILLIAM J. RABENAU et ux. v. R. Y. HARRELL, JACKSON-VREELAND LAND COMPANY et al., Appellants.

### Division Two, June 2, 1919.

1. **FRAUDULENT CONVEYANCE: False Representation: Opinions.** False statements, in printed circulars and orally made by defendants' sale agents, that an existing irrigation system was sufficient to furnish ample water for full productivity of certain crops to be produced on semi-arid lands in Texas, were not mere expressions of opinion, but false representations, and having been made to a plaintiff wholly unacquainted with irrigation, are sufficient grounds for setting aside a deed conveying his Missouri land in payment therefor.

2. ——: ——: **Emptor Caveat.** The doctrine of *caveat emptor*, though based upon the theory of notice and opportunity to the buyer to judge for himself, has no application where distinct and positive representations of fact have been relied upon and have induced action.

3. ——: **Rescission: Delay in Bringing Suit.** If there is no evidence that the substantial rights of the vendee have been injuriously affected by the vendor's delay in bringing his suit to have the deed set aside on account of the vendee's false representations, such delay is no impediment to a decree of rescission.

4. ——: ——: **Tender of Recoupment.** It is not necessary that plaintiff, before he institute his suit to have annulled a deed conveying his Missouri land in exchange for Texas land, on the ground that he was induced by defendant's false representations

to make the conveyance, should tender a reconveyance of the Texas land. If he tenders a reconveyance in his petition and the decree conditions a rescission upon a deposit with the clerk of a proper deed of reconveyance, there is no reversible error in the plaintiff's failure to file a formal deed of reconveyance with his petition.

5. ——: Wife as Witness: Interest in Litigation. A wife who is plaintiff with her husband in the suit to rescind their deed made in exchange for Texas land, and who is co-owner of the Missouri land and co-grantee of the Texas land, is substantially interested, and a competent witness.

6. ——: Agreement Against False Representations: Rescission. A provision in the preliminary agreement for the exchange of land by which plaintiff agreed that he would act upon his own investigations in making the exchange and that no promises, representations or agreements should be binding upon defendant unless included in such writing, did not preclude evidence that the agreement was procured and the deeds ultimately exchanged because of defendant's fraudulent and deceitful representations, which were relied upon by plaintiff at the time of making the agreement.

Appeal from Christian Circuit Court.—*Hon. John T. Moore,* Judge.

Affirmed.

*C. O. French* and *G. Purd Hays* for appellants.

(1) There is no proof that the alleged representations were not true. (2) The alleged representations did not amount to fraud. Loan & Investment Co. v. Trust Co., 175 Mo. App. 646; Younger v. Hodge, 211 Mo. 444; Anderson v. McPike, 86 Mo. 293; Cahn v. Reid, 18 Mo. App. 115; Funding & Foundry Co. v. Heskett, 125 Mo. App. 536; Cornwall v. McFarland Real Estate Co., 150 Mo. 377; Lee v. McClelland, 120 Cal. 147; Investment Co. v. Shafer, 91 Neb. 798; Morrison v. Koch, 32 Wis. 254; Wade v. Ringo, 122 Mo. 322. (3) The rule of *caveat emptor* applies. 39 Cyc. 1279; Myers v. Summerville, 85 Mo. App. 187; Lewis v. Brookdale Land Co., 124 Mo. 672; Cahn v. Reid, 18 Mo. App. 121; Dunn v. White, Admr., 63 Mo. 181;

Clark v. Edgar, 12 Mo. App. 345; Langdon v. Green, 49 Mo. 368; Morse v. Rathburn, 49 Mo. 91; Anderson v. McPike, 86 Mo. 300; Shappirio v. Goldberg, 192 U. S. 232; Slaughters, Admr. v. Gerson, 13 Wall. (80 U. S.) 379; Southern Surety Development Co. v. Silva, 125 U. S. 247; Farnsworth v. Duffner, 142 U. S. 43; 2 Pomeroy's Equity Jurisprudence, sec. 892; Churchill v. Farrar, 135 U. S. 609; Investment Co. v. Shafer, 91 Nebr. 798; Judd v. Walker, 215 Mo. 312. (4) A party seeking to rescind a contract for fraud must act promptly. 39 Cyc. 1294; Lewis v. Brookdale Land Co., 124 Mo. 687-8; Taylor v. Short, 107 Mo. 384; Key v. Jennings, 66 Mo. 370; Hart v. Handlin, 43 Mo. 175; Cahn v. Reid, 18 Mo. App. 123; Estes v. Reynolds, 75 Mo. 563. (5) A party seeking rescission must return the consideration received by him. Bailey v. Gilman Bank, 99 Mo. App. 571; Lockwood v. Hannibal Ry. Co., 65 Mo. 233; Melton v. Smith, 65 Mo. 324; Woods v. Straup, 63 Mo. 437; Cahn v. Reid, 18 Mo. App. 125; Hancock v. Blackwell, 139 Mo. 453; Jarrett v. Morton, 44 Mo. 275; Och v. Ry. Co., 130 Mo. 48; North v. Stevenson, 71 Mo. App. 432; (6) Plaintiff Grace Rabenau was not a competent witness. (a) Because she was the wife of the real party in interest. Layson v. Cooper, 174 Mo. 211; Roberts v. Bartlett, 190 Mo. 704; O'Bryan v. Allen, 95 Mo. 73. (b) The evidence offered to qualify said plaintiff as a witness was incompetent. Crumb v. Wright, 97 Mo. 13; Turner v. Williams, 67 Mo. 617; Houck v. Patty, 100 Mo. App. 302. (7) Defendants acted in good faith. Funding & Foundry Co. v. Heskett, 125 Mo. App. 531; Wannell v. Kem, 57 Mo. 478; McBeth v. Craddock, 28 Mo. App. 386. (8) Plaintiffs are estopped by the terms of the contract. Peterson v. Landahl, 86 Minn. 32; Anderson v. McPike, 86 Mo. 300; Cahn v. Reid, 18 Mo. App. 127; Myers v. Summerville, 85 Mo. App. 187; Lewis v. Brookdale Land Co., 124 Mo. 672; Wade v. Ringo, 122 Mo. 322.

*Roscoe Patterson* for respondents.

(1)    The representations that the defendant had arranged with the Valley Reservoir & Canal Company for the irrigation of the land in question within ninety days and that the irrigation facilities of said company were ample and adequate to irrigate said lands continuously as needed, is the representation of a material existing fact and where relied upon, as in this case, may be made the basis for rescinding the contract and cancelling the deeds procured through such misrepresentation.    Cottrill v. Krum 100 Mo. 397;    Clinkenbeard v. Weatherman, 157 Mo. 105;    Herman v. Hall, 140 Mo. 270;    McGee v. Bell, 170 Mo. 135;    Pomeroy v. Benton, 57 Mo. 542;    Williamson v. Harrison, 167 Mo. App. 347;    Judd v. Walker, 215 Mo. 323;    Stonemets v. Head, 248 Mo. 243;    Burger v. Boardman, 254 Mo. 238;    Laird v. Keithley, 201 S. W. 1142.    Even where opinions are given upon matters capable of approximation to the truth and false statements are contained therein for the purpose of deception, and injury follows from reliance thereon, the party has been held liable.    Brown v. South Joplin Lead & Zinc Min. Co., 194 Mo. 703; Stonemets v. Head, 248 Mo. 263; Wakefield v. Moore, 186 S. W. 1150.    Even a promise of something to be done in the future with no intention to perform it, but with a fraudulent design to obtain a contract by giving the promise and then breaking it, is a ground of rescission.    Laswell v. Handle Company, 147 Mo. App. 542; Bank of North America v. Crandall, 87 Mo. 208;    Stonemets v. Head, 248 Mo. 263;    Howard v. Scott, 225 Mo. 711.    (2) The rule of *caveat emptor* has no application to the case at bar.    Judd v. Walker, 215 Mo. 328;    Stonemets v. Head, 248 Mo. 262.    (3) Respondents acted immediately upon discovering the fraud. 3 Elliott on Contracts, sec. 2431, p. 589;    39 Cyc. 1427-1428;    Cantwell v. Crawley, 188 Mo. 57;    Hudson v. Cahoon, 193 Mo. 562;    Maun Merc. Co. v. Levin, 189

Mo. App. 244.   (4) The offer made by respondents in their bill to reconvey the Texas land received in the transaction is a sufficient tender to entitle them to rescission of the contract and cancellation of the deeds given by them.   Smith, Law of Fraud, sec. 133, p. 152; 3 Elliott on Contracts, sec. 2436;   Hancock v. Blackwell, 139 Mo. 453;   Clinkenbeard v. Weatherman, 157 Mo. 105;   Enterprise Soap Works v. Sayers, 55 Mo. App. 15.   (5) The respondent Grace Rabenau was a competent witness, she being a party in interest. Steffen v. Bauer, 70 Mo. 404;   O'Bryan v. Allen, 95 Mo. 704; Layson v. Cooper, 174 Mo. 223.

BOND, C. J.—Plaintiffs, husband and wife, sue to set aside their deed for their farm in Missouri, given in part payment of certain Texas land conveyed to them by the corporate defendant and to recover damages for alleged fraud and deceit, on the part of said defendants in procuring said deed.

The husband, a doctor and farmer living in Webster County, Missouri, was induced to become one of a party of excursionists who were making a trip to Texas to see the lands which the defendant corporation was endeavoring to sell to Missouri and Illinois farmers.   These excursions were run at regular intervals, were personally conducted and were made up of persons who were provided, for a stipulated sum, with transportation and provision during such trips.   Upon arrival of these parties in Texas, they were met with automobiles in charge of the defendant Jackson-Vreeland Land Company, which took them to see certain "show farms."   While visualizing these, the prospective purchasers were told that they represented the average yield of such lands, if adequately irrigated. A prospectus was furnished them, which, among other things, stated as to irrigation, the following:

"The Valley Reservoir & Canal Company was organized for the purpose of furnishing water to our lands.   They have installed at the river one of the

most modern and complete pumping plants to be found in the valley. To this plant they are continually adding new pumps of the most modern type. . . .

"The natural conditions for irrigation are most ideal, as the land slopes back from the river, the altitude at the city of Edinburgh being but three feet higher than the Rio Grand River at low water stages, the surface of the ground lying so level and perfect that very little or no leveling or grading is necessary to irrigate our different tracts. . . .

"The most expert critics on irrigation, after examining our system, have pronounced it as nearly perfect as human ingenuity can devise.

"Each main canal is of sufficient width and depth, and these with the sub-laterals penetrate every portion of the lands we offer for sale."

While on his way home, on February 21, 1914, Rabenau entered into a contract to exchange his Missouri land for a tract of Texas land. This contract was afterwards abandoned, and on June 3, 1914, plaintiff and his wife entered into a final contract of exchange and executed a deed to their Webster County farm and also a deed to a certain town lot at Fordland, Missouri, subject to a deed of trust thereon.

Plaintiff W. J. Rabenau testified that defendant's agents represented that the Texas land would produce from five to seven crops of alfalfa a year, and cabbages and onions in such quantities as to bring from two hundred and fifty to five hundred dollars an acre. He specifically testified that it was also represented to him by defendant's agents that "they had the best system [for supplying water] in the valley; that they had more water than we could ever use, and the best pumping system in the valley;" that relying on these representations he purchased about seventy-two acres of land, in payment for which he and his wife deeded a town lot to a third party and conveyed their farm, as stated before; that upon his faith in the truth of these representations he became a sales-agent for defendant

and sought to aid it in selling its lands to others; that during that time he spent more than five hundred dollars clearing thirty-two acres of the land he had purchased for himself and wife; that discovering later, through statements of Mr. Rutledge, a purchaser, and of defendant's agent Mr. Baker, that the representations made to him as to the water supply and the productivity of the Texas land were false, within three days thereafter he brought the present action.

At the close of the evidence the court found the issues for the plaintiffs and decreed that the deed executed by plaintiffs for their Webster County farm should be cancelled and set aside, and that plaintiffs also recover, as the value of the lot which they had conveyed to a third person, the sum of $875 and costs, and that plaintiffs should deposit with the clerk of the court a deed of reconveyance in due form to defendant of the Texas land conveyed to them. Defendants duly appealed.

I. The first error assigned by appellants is that there was no proof of the falsity of the representations relied on by plaintiffs. It is undisputed that the crops failed for want of water. The only contention on this point of appellants is that this resulted from bad management of the Reservoir Company. The evidence of witness Coghenour discloses, however, that it was caused on account of the small size of the 24-inch duplex pump and the ditch leading therefrom. We are satisfied from a careful review of the testimony in this case that the Valley Reservoir Company relied on by defendant corporation to water its forty-thousand acres of land, was not an irrigation system adequate for that purpose and that the representations to the contrary in the circulars of defendant and the testimony of its witnesses, were untrue.

II. It is next insisted that the representations alleged did not amount to fraud in that they were mere

*False Representations.*

expressions of opinion. The assertion by the defendant corporation through its circulars and through the oral **Opinions.** statements of its agents to prospective purchasers that the irrigating system provided for its land was sufficient to furnish an adequate amount of water for full productivity of the various crops referred to, was not the mere expression of an opinion, but was a plain statement of an existing fact and as such was the subject-matter of a false representation under all the authorities. [Judd v. Walker, 215 Mo. l. c. 323; Stonemets v. Head, 248 Mo. l. c. 243; Laird v. Keithley, 201 S. W. l. c. 1142.]

The fact upon which the prospective purchasers relied in this case was the adequacy of the irrigating system to water the wild, uncultivated portion of the semi-arid Texas land offered to them, for without such a supply of water it would be practically a desert, and hence it became essential for the defendant corporation to lodge in the minds of the persons whom it sought to attract an abiding conviction that it had provided ample irrigation for the land in question, for otherwise they would not buy. The representations bearing on irrigation were, therefore, necessarily intended to be averments as to an *existing* state of facts, and were not mere expressions of opinion, or future expectations of the corporation as to the adequacy of its water supply. We, therefore, overrule the contention of appellants that such representations, even if untrue, were not fraudulent.

III. It is next insisted that the plaintiffs are barred by the rule of *caveat emptor*. That doctrine is based upon the theory of notice and opportunity upon the part of the buyer to judge for himself. **Let the Purchaser Beware.** It, however, has no application "where distinct and positive representations of fact have been relied upon and have induced

action.'' [Judd v. Walker, supra, l. c. 328 and cases cited; Stonemets v. Head, 248 Mo. l. c. 262.]

IV. Neither is there any merit in the contention of appellants that plaintiffs unnecessarily delayed their suit to rescind. There is no evidence in the present record that the substantial rights of the defend-ant land company have been in any way af-fected by the delay in bringing the suit. [Burger v. Boardman, 254 Mo. l. c. 257; Davis v. Forman, 229 Mo. l. c. 46; Hayes v. Wyatt, 202 S. W. l. c. 586.]

Delay.

V. It is further insisted by apellants that there was no tender of reconveyance prior to the institution of plaintiffs' suit to rescind. The plaintiffs in this case tendered a reconveyance in their petition. This being a suit in equity, such tender was proper. The decree in plaintiffs' favor is conditioned upon their depositing a reconveyance with the clerk. In these circumstances there was no reversible error in the failure of the plaintiffs to file a formal deed with their petition tendering a reconveyance. .

Tender.

VI. It is insisted by appellants that the plaintiff wife was an incompetent witness. This was based upon a misconception. The record shows that she was a co-owner of the land conveyed in Mis-souri and co-grantee of the Texas land, and that she possessed, at least, inchoate rights of dower. She was, therefore, substantially interested.

Wife as Witness.

VII. It is finally insisted by appellants that in the contract for exchange plaintiff W. J. Rabenau agreed, in advance, that he acted upon his own in-vestigations in making such purchase and that no prom-ises, representations or agreements should be binding upon the seller unless included in said writing. This provision was contained in the preliminary exchange agreement between the husband and the defendant com-

pany and would not be available even as to him to pre-
clude evidence tending to show that the agreement was
procured and the deeds ultimately exchanged because
of fraudulent and deceitful misrepresentations upon
the part of the seller which were relied upon by the
buyer at the time of making his contract and his deed.
The clause would suffice to make the writing the sole
repository of the agreements of the parties, but it
would not go beyond that and shut off proof that the
written contracts themselves were obtained by fraud.
Its insertion in the contract under review is not unlike
(what has often happened in conveyancing) the state-
ment in a grantor's deed that "this deed is not fraudu-
lent." In construing instruments of that sort, courts
of equity have held that such a recital in a deed was
susceptible of such sinister construction that, of itself,
it would suggest that the deed *was* fraudulently made.
However that may be, the terms of the provision in
this case do not prevent any inquiry between the
parties as to the fraudulent and deceitful character of
the representations as to the irrigation system. There
was no contradiction of plaintiff's testimony that he
was wholly unacquainted with the operation and capac-
ity of irrigating systems for reclaiming arid lands, and
that he relied absolutely upon the misrepresentations
as to that, made to him upon behalf of the defendant
land company. We rule, therefore, that this clause
does not debar the plaintiffs from the relief sought
in this action.

The judgment of the trial court is manifestly cor-
rect and will be affirmed. It is so ordered. *Blair, P.
J.,* and *Graves, J.,* concur; *Woodson, J.,* absent.