#### OF THE

## STATE OF MISSOURI

#### AT THE

## OCTOBER TERM, 1917.

---

*(Continued from Volume 273.)*

---

## FRANCIS P. WILLIAMS, by his Next Friend, JOHN T. WILLIAMS, v. SPRINGFIELD GAS & ELECTRIC COMPANY, Appellant.

### Division One, March 29, 1918.

1. **ELECTRIC WIRES: Insulation: Utmost Care.** An electric company, if reasonably chargeable with knowledge, or of facts making it reasonably probable, that persons may lawfully come into close proximity to its wires, for purposes either of business or pleasure, is obligated to use every accessible precaution to insulate its wires at such places and to use the utmost care to keep them so.

2. ———: ———: **Knowledge: Children: Anticipation.** A public service corporation, stretching its electric wires, in a city, through trees near the roof of a low house which for some time was being constructed and around which small boys played while the construction was going on, must take notice of boyish impulses and anticipate the presence of children in such trees. The rule applies whether or not the company knew that the particular small boy who was injured was in the habit of climbing the tree; the company is required to know the tree, the fact that the wires passed through it, and that, the opportunity being present, it was the

kind of tree that children might climb into to play in its branches, since these things any person of practical common sense would know. [Following Temple v. Elec. Co., 89 Miss. 1.].

3. ———: Children: Climbing From Roof to Tree. Nor is the rule inapplicable because the nine-year-old boy did not climb from the ground into the tree where the wires were, but climbed from the roof of a near-by house on which he and other boys had for some time been in the habit of playing. The company is required to anticipate the presence of boys in trees through which their uninsulated wires pass, whether they climb from the ground into the tree or from the roof of a near-by house around which they have been in the habit of playing.

4. ———: ———: ———: Trespasser. Whether the tree through which defendant's electric wires ran was on private property or in a public alley, if it was not defendant's property, a boy who climbed into the tree and was injured by falling on the uninsulated wires, was not a trespasser.

5. ———: ———: ———: Contributory Negligence: Proximate Cause. The presence of the boy in the tree was not contributory negligence, there being no evidence that he knew that the electric wire upon which he fell was defectively insulated or that he purposely touched it. It cannot be held as a matter of law that the breaking of the limb on which the nine-year-old boy stepped in an attempt to descend from the tree, rather than the non-insulation of the electric wire on which he fell when the limb broke, was the proximate cause of his injury.

6. INSTRUCTION: Inclusion of Extraneous Matter: Waiver. Appellant waived its right to object to a reference to an extraneous matter in an instruction given for respondent by requesting an instruction including the same matter.

7. ———: Contributory Negligence. Not every omission of a reference to contributory negligence renders erroneous an instruction for plaintiff in a personal injury case. Where the instruction required the jury to find defendant was guilty of acts of positive negligence in leaving the electric wires uninsulated and then required them to find that this negligence was the cause of plaintiff's injury, and other instructions fully present the issue of contributory negligence, there is no substance in the complaint that this instruction excluded that defense.

8. REMARKS OF COUNSEL: Excessive Verdict. Where as a result of the injury to the nine-year-old boy one of his arms has been amputated below the elbow and his other hand is almost useless, the fingers being burnt and drawn, a verdict for $7500 is far below the amount which the facts would have warranted, and any argument of counsel said to have affected the size of the verdict was unprejudicial.

9. ———: **Greedy Corporation.** Plaintiff's counsel in his argument to the jury said: "Don't encourage these wealthy, greedy corporations to justify that which cannot compensate this boy simply according to law and according to your duty to the law." *Held,* that this meaningless and incoherent sentence could not have "distracted the minds of the jury from a calm deliberation of facts," especially in view of an express disclaimer in other portions of the argument that anything was asked because defendant was a corporation, or because of anything save the law and the evidence.

Appeal from Greene Circuit Court.—*Hon. Arch A. Johnson,* Judge.

AFFIRMED.

*Delaney & Delaney* for appellant.

(1) No evidence should have been admitted under the petition. Because: (a) On the face of the petition and on the opening statement following the allegations of the petition, it does not appear that the defendant owed any duty whatsoever to the plaintiff, even considering him as an immature child incapable of contributory negligence. (b) On the face of the petition and on the opening statement (to be specific) it does not appear that defendant created, or was responsible for the creation of an attraction to children, or an attractive nuisance, or that a condition existed of which defendant had knowledge or was chargeable with knowledge or notice, or that the conditions existing imposed any duty upon defendant in favor of plaintiff. (c) On the face of the petition and upon the opening statement, defendant was not chargeable with the duty of anticipating that children, or that plaintiff, would be attracted by the house, scaffold and tree into close proximity to its (defendant's) wires through the tree. (d) On the face of the petition and on the opening statement, plaintiff was guilty of such contributory negligence as precludes a recovery. (e) On the face of the petition and on the opening statement, the omission of defendant to insulate its wires was not the proximate cause of the injury sustained. (2) The defendant did

not owe any duty to plaintiff to install or maintain un-insulated wires. The doctrine of "attractive nuisance," or "attraction to children" is bottomed upon the principle of the so-called "turn-table" cases. The application of the "turn-table" cases was gradually extended until the principle was lost sight of and a halt was made. The tendency is now to restrict the application and, in many jurisdictions, the principle is confined to turn-table cases pure and simple. This is the general trend. In Missouri especially the courts refuse to extend the principle and restrict liability to literal turn-table cases. Kelley v. Benas, 217 Mo. 1; Overholt v. Vieths, 93 Mo. 422-429; Witte v. Stifel, 126 Mo. 295; Barney v. Railroad, 126 Mo. 372; Moran v. Pullman Co., 134 Mo. 641; Schmidt v. Distilling Co., 90 Mo. 284; Curley v. Mo. Pac. Ry., 98 Mo. l. c. 17; Rushenberg v. Railway, 109 Mo. 112; Smith v. Dold Pkg. Co., 82 Mo. App. 9; Marcheck v. Klute, 133 Mo. App. 280; Stall v. Tel. Co., 141 Mo. App. 183. (3) Defendant was not charged with the duty of anticipating that children would be likely to be attracted by the house under construction, the scaffold and the tree, or would be likely by reason of such condition to climb into said tree. What is probable, must be considered, not what is possible. Sullivan v. Railway, 133 Mo. 1; Brew. Assn. v. Talbot, 141 Mo. 674; Fuch v. St. Louis, 167 Mo. 645; Strack v. Tel. Co., 216 Mo. 601; Porter v. Brew. Assn., 24 Mo. App. 1; Clark v. Railroad, 39 Mo. 184; Balentine v. Railroad, 40 Mo. 491; Davis v. Railway, 89 Mo. 340; Turner v. Haar, 114 Mo. 347; Mill Co. v. Transit Co., 122 Mo. 278; Walling v. Railroad, 101 Mo. 631; Otis v. Railroad, 112 Mo. 622; Flori v. St. Louis, 69 Mo. 341. Even if defendant owed a duty to plaintiff and omitted such duty, such omission, to-wit, the uninsulated wire through the tree, was not the proximate cause of the accident and injury. The proximate cause of this injury and damage is the active, independent, intervening action of the plaintiff himself, in conjunction with the breaking of the limb of the tree caused by his own conduct. Fuchs v.

St. Louis, 167 Mo. 647; Luehrmann v. Light Co., 127 Mo. App. 213; Brubaker v. Light Co., 130 Mo. App. 447; Foley v. McMahon, 114 Mo. App. 444; Fulwider v. Trenton Co., 216 Mo. 582; Stone v. Railroad, 171 Mass. 536; Cole v. German Society, 124 Fed. 114; Clifford v. Cotton Mills, 146 Mass. 47; Ins. Co. v. Tweed, 7 Wall. 44; Railroad v. Kellogg, 94 U. S. 469; Railroad v. Hickey, 166 U. S. 521; Read v. Nichols, 118 N. Y. 224; Cuff v. Railroad, 35 N. J. L. 17; Curtin v. Somerset, 140 Pa. St. 70. (4) On all the evidence and the law, the plaintiff was at least guilty of concurrent, contributory negligence and cannot recover. The evidence shows that he is unusually bright; that he was permitted to go at will about the city and was capable of caring for himself; that in the general sense in which it is understood, he knew what electricity was; that it furnished light and power and that wires were used for the transmission; that electricity would hurt, would shock, was dangerous. Taking his testimony in its entirety on the question, that he knew the wires were there and saw them is established beyond all cavil and doubt. On such a record there was nothing to submit to the jury. There was no room for drawing different inferences. Fink v. Railway, 143 S. W. 568; Fry v. Transit Co., 111 Mo. App. 324; Heinzle v. St. Ry. Co., 213 Mo. 102; Campbell v. Surburban Ry., 175 Mo. 161; Lynch v. St. Ry. Co., 112 Mo. 420; Schmitz v. Railroad, 119 Mo. 256; Ridenour v. Cable Co., 102 Mo. 270; Mann v. Railroad, 123 Mo. App. 486; McGee v. Railroad, 214 Mo. 530; Berry v. Railroad, 214 Mo. 593. Instruction 1, given at request of plaintiff, does not correctly declare the law and constitutes reversible error. It is an instruction on the whole case, warrants and directs a verdict for plaintiff if the jury find as true the facts recited, and yet it utterly omits and ignores the issues of plaintiff's contributory negligence and every other question except to find that the plaintiff was at play. An instruction purporting to cover the whole case and directing a verdict must submit every issue involved in the

case, especially the defenses.   Scanlan v. Gulick, 199
Mo. 449.   Where two separate instructions are in con-
flict the correct one does not cure the erroneous one,
since the appellate court cannot tell by which one the
jury was governed.   Shepperd v. Transit Co., 189 Mo.
362; Porter v. Railway, 199 Mo. 82; Glasgow v. Met.
St. Ry. Co., 191 Mo. 374; Brokerage Co. v. Gates, 190
Mo. 403.   The language used by counsel for plaintiff
was highly improper and prejudicial and constitutes
ground for reversal.   He used language calculated to
distract the minds of the jurors from a calm deliberation
of facts.   He injected into the case elements of damage
not allowable.   Taken as a whole and especially the
parts objected to, the language is not only objectionable
on the issue of amount of damage to be awarded, but it
distracted the minds of the jury  on the vital question
of liability or non-liability.   Invective, abuse, sympa-
thetic appeal, took the place of evidence, or rather sup-
plied the failure of evidence and the jury tried the case
in every phase as individual fathers or brothers or sons
—and not as jurors.   Haynes v. Trenton, 108 Mo. 123;
Evans v. Trenton, 112 Mo. 390; Morgan v. Durfee, 69
Mo. 469; Ritter v. Bank, 87 Mo. 574; Beck v. Dowell,
111 Mo. 506.

*Talma S. Heffernan, Patterson & Patterson* and
*J. M. Johnson* for respondent.

(1)   The duty imposed upon a lighting company
which for private gain conducts powerful currents of
electricity along and over public highways is that of
the highest degree of care to use every protection to
insulate its wires at all points where people have a right
to go or be for business or pleasure.   Geismann v.
Electric Co., 173 Mo. 674; Gannon v. Gaslight Co., 145
Mo. 502; Dolan v. Gaslight Co., 145 Mo. 550; Hoover v.
Elevated Ry. Co., 140 S. W. 321; Brubaker v. K. C. Co.,
130 Mo. App. 439; Harrison v. K. C. Co., 195 Mo. 606.
(2)   There is practically no dispute that the insulation
was off of defendant's wires and had been for some-

time, so long that strips of insulation hung down in plain view of pedestrians. And plaintiff's injuries are further proof of the want of insulation which caused them. (3) Was the plaintiff guilty of contributory negligence to such a degree that it became the proximate cause? It is undisputed that plaintiff was a licensee of the property owner in playing around the house and premises. The same is true of the tree; if it be on the property of Mrs. Hughes, then plaintiff was a licensee, and if it be on the street, plaintiff had as much right in it as defendant; he was compelled there by the laws of nature which causes all boys to climb trees, and was not restrained from there by any legal prohibition. The defendant was not rightfully in the tree with uninsulated wires and plaintiff could not be a trespasser against defendant who owned neither the street nor the abutting property. Now the breaking of a limb and falling of plaintiff concurred with defendant's negligence in causing the injury and the courts of the State have plainly stated the rule of liability in such cases. "The negligence of the party inflicting the injury and not that of the one first at fault is regarded in law as the sole or proximate cause of the injury." Maginnis v. Railway, 182 Mo. App. 694; Musick v. Packing Co., 58 Mo. App. 322; Lote v. Mfg. Co., 160 Mo. 626; Day v. Light Co., 136 Mo. App. 274; Beverly v. Co., 130 Mo. App. 593; Von Treba v. Gaslight Co., 209 Mo. 648.

BLAIR, J.—This cause was transferred here by the Springfield Court of Appeals. The appeal is from a judgment for damages for injuries suffered by respondent, then nine years old, from contact with appellant's electric wires. These wires carried a powerful current, and were so placed that they passed through a tree which stood on or very near the line dividing a public alley from a building lot in Springfield. The tree was thirty or more feet high and its lower branches were near the ground. It was a tree which children could and did climb easily. The insulation of the wires

near and in the tree had been in bad condition for a
year or more. Respondent was injured on May 9th.
Nearly two months before that date the lot owner com-
menced the erection of a bungalow. From the begin-
ning, without interference from the owner, children
played about and in the building. The center of the
trunk of the tree near the ground was thirty-two inches
from the end wall of the house. Appellant's nearest
wire, as it passed through the tree, was thirty-six inches
from the end wall and twelve inches from the edge of
the cornice, and was twenty feet high. On May 9th
the house was nearing completion. The roof, at the
highest point, next the tree, was twenty-six feet and
three inches high. The tree extended several feet above
this. On that date respondent and several other boys
were playing about the bungalow, and in the course of
their games respondent went upon the roof and up to
or near the ridge pole. The owner, then present, told
the boys to come down. Respondent at once went to
the edge of the roof nearest the tree and climbed from
the roof to the tree along a limb or bough which ex-
tended out over the house. He reached the trunk of the
tree or a point very near it and began to descend. He
stepped down upon another limb which broke, and he
fell against the wires and was severely shocked and
burned. He fell to the ground, but there is no evidence
he received any injury except those inflicted by the
wires. Respondent had not been in the tree before.

I. The Court of Appeals (187 S. W. 556) gave
recognition to the general principle that a company like
appellant, if reasonably chargeable with knowledge, or
of facts making it reasonably probable that
**Utmost
Care.** persons may lawfully come into close proximity
to its wires for purposes either of business
or pleasure, is obligated "to use every precaution
which was accessible to insulate its wires at" such
places and to use the utmost care to keep them so.
[Geismann v. Electric Co., 173 Mo. l. c. 674; Von

Thebra v. Gaslight Co., 209 Mo. l. c. 659; Clark v. Railroad, 234 Mo. l. c. 418, 419; Campbell v. United Rys., 243 Mo. l. c. 152.]

II.   The Court of Appeals also recognized the rule that a company stretching electric wires, in a city, through trees like the evidence tends to show the tree in this case to have been, must take notice **Notice of Children's Impulses.** of boyish impulses and anticipate the presence of children in such trees.  In this connection it quoted from a case (Temple v. Elec. Co., 89 Miss. 1) in which the Supreme Court of Mississippi said: "Whether this appellee knew that this particular small boy was in the habit of climbing this tree or not, it is clear from the averments of the declaration that it did know the tree, the kind of tree, and, knowing that, knew what any person of practical common sense would know—that it was just the kind of tree that children might climb into to play in the branches."  The Court of Appeals cited cases and texts supporting the principle.  It is well established. [Mullen v. Gas & Elec. Co., 229 Pa. l. c. 57, 58; Benton v. Public Service Corporation, 165 N. C. l. c. 357; Thompson v. Slater, 193 S. W. (Mo. App.) l. c. 973, 974; Sweeten v. Power & Light Co., 88 Wash. 679; Electric Light Co. v. Healy, 65 Kan. 798; Meyer, Admx., v. Light & Traction Co., 151 Wis. l. c. 279; Talkington v. Power Co., 96 Wash. 386; Birmingham Ry., L. & P. Co. v. Cockrum, 179 Ala. 372; Hayes v. Power Co., 95 S. C. 230; O'Gara v. Electric Co., 244 Pa. St. l. c. 159, 160; Curtis on Law of Electricity, sec. 512; Joyce on Electric Law, sec. 445.]  The Temple case often has been cited approvingly in yet other decisions and, so far as we can discover, has been criticised in none.  The principle is sound.

III.   Having reached these conclusions, the Court of Appeals further held the principle of the Temple case inapplicable.  It held there was no reasonable probability of an occurrence like that detailed in the evidence and,

therefore, there is no liability, concluding
thus: "Applying these principles to this
case, we cannot hold that defendant should
have anticipated that a boy, or any one, would
climb to the apex of the roof and attempt to go from
there to the top of this tree, and in so doing fall on these
wires.''

<span style="margin">Application
of Rule
to Facts.</span>

After a careful examination of the record, we are
convinced the Court of Appeals fell into error as to the
facts. Two witnesses testified as to the time and manner
of respondent's fall. Both testified he had climbed into
the tree and had begun to descend before he fell. That
part of the testimony quoted by the Court of Appeals
does not negative this idea, and other testimony of the
witness quoted, both on direct and cross-examination, is
clearly to the effect that respondent had begun his de-
scent before he fell upon the wires. The bough over
which respondent climbed into the tree did not give way.
Nor did respondent fall while climbing into the tree.
The photograph is not conclusive. The photographer
testified the position of the camera had much to do with
the appearance of nearness or distance between objects
shown by a photograph. Mrs. Hughes gave testimony
tending to show branches had been cut from the tree
after the accident and before the photograph was taken.
Even without any of this testimony, it certainly could
not be conclusively held there was no evidence the boy
climbed into the tree from the house. The decisions
cited by the Court of Appeals as warranting the holding
last mentioned are, in general, those proceeding upon
the principle that an electric company which has placed
its wires where they are practically inaccessible or where
they can be reached only by overcoming considerable
difficulty or danger, i. e., in places where the presence
of persons is not reasonably to be anticipated, is not,
ordinarily, liable for injuries resulting from contact with
them. [Card v. Electric Co., 77 Wash. l. c. 569; Braun
v. Electric Co., 200 N. Y. l. c. 494, 495.] Several deci-
sions cited in the opinion are from courts which have

approved and applied the rule in the Temple case, and others distinguish it. None of them criticises it. The facts of the record render these cases inapplicable, and bring the case within the principle of the Temple case. That principle, so far as this case is concerned, is that electric companies which stretch wires through trees which children can climb must anticipate the presence of children in such trees and govern themselves accordingly. Everybody knows boys will climb trees. It is the probability of their presence there which brings trees within the general rule of Geismann v. Elec. Co., supra. The rule is not that only such boys are protected as may *climb from the ground* into a tree. The thing required to be anticipated is *the presence* of children *in the tree.* The method by which they get into it cannot ordinarily be very important. Respondent was not injured by reason of coming into the tree from the house. He did not fall from the house. He had climbed into the tree and was engaged in descending the tree when he came into contact with the wires. Can it be that the company would be liable if the boy had been climbing up and had touched the wires and is not liable because he came in contact with them while attempting to descend? The Court of Appeals does not say so. Neither do we. The boy had reached a place where he had a right to be and where appellant reasonably might have anticipated his presence. His method of reaching the place may have been unusual, but that method did not bring about his injury. The trial court was right in its conclusion on this phase of the case.

IV. The Court of Appeals correctly held respondent was not to be treated as a trespasser. This is true whether the tree was in the alley or on private property.

**Trespasser.** It was not appellant's property. This is the rule in Missouri, as shown by cases cited by the Court of Appeals, and is the rule elsewhere. [Daltry v. Elec. Co., 208 Pa. St. 1. c. 412; Thompson v. Power Co., 77 N. H. 92; Nelson, Admr., v. L. & W. Co., 75 Conn.

l. c. 551; Birmingham Ry., L. & P. Co. v. Cockrum, 179 Ala. 372; Commonwealth Elec. Co. v. Melville, 210 Ill. l. c. 77.]

V. Was respondent guilty of contributory negligence as a matter of law? Of course, his presence in the tree was not such negligence. Nor does the fact

Contributory Negligence.
that he slipped or fell upon the wires bar the action. In Thompson v. Slater, 193 S. W. (Mo. App.) l. c. 974, 975, the St. Louis Court of Appeals decided an analogous question. A limb on which a boy was sitting broke and he fell against uninsulated wires passing through the tree. The court held the non-insulation and not the fall was the proximate cause of the injury. In Lydon v. Edison Co., 209 Mass. 529, decedent, while destroying moths in a tree, was killed by contact with defendant's uninsulated wires. The court held that had there been proof decedent "accidentally slipped or lost his balance and instinctively or naturally threw up his hand and happened in that way to touch the wire, that would not be inconsistent with due care on his part." The *lack* of such evidence resulted in a judgment for the company, the rule as to the burden of proving due care being not like ours. The court cited Garant v. Cashman, 183 Mass. l. c. 18. In that case a laborer standing on a bench in performing his work, lost his balance and fell against an insufficient guard or barrier which gave way. The court said no negligent act appeared, and held the facts justified a *finding of due care*. In Union Pacific Ry. v. McDonald, 152 U. S. l. c. 281, a boy in running beside a slack heap slipped and fell into it. The Supreme Court of the United States held that "his falling into the slack heap was accidental and in no proper or just sense the result of negligence." In Birsch v. Electric Co., 36 Mont. l. c. 579, a workman engaged in building a wall near wires improperly insulated stepped upon a mortar board and slipped. He threw out his arms involuntarily and struck the wires. The court held the slipping accidental, the

contact with the wires involuntary, and the fact no bar to plaintiff's case. In Wade v. Electric Co., 98 Kan. l. c. 370, appellant company insisted the judgment should be reversed because the evidence *failed* to show that decedent slipped and fell upon the wires, as alleged in the petition. In Humphreys v. Coal & Coke Co., 73 W. Va. 495, a coal-mine track-layer slipped and, in falling, caught a live wire stretched nearby. The court held there was "no evidence of contributory negligence." In Colusa Parrot M. & S. Co. v. Monahan, 162 Fed. 276, a laborer upon a wet roof slipped and, in falling, grasped a live wire. The circuit court of appeals held this did not bar plaintiff. In the case of Elliott v. Light Co., 204 Pa. 568, a ladder, on which a painter was at work, slipped. The painter, endeavoring to save himself, grasped a near-by wire. He was shocked by the wire and, it seems, injured by the fall. The court held the proximate cause of the injury was the fall; that defendant was not responsible for the fall of the ladder; that it would be speculation to attempt to "differentiate between the extent of the injury he did receive and that which he would probably have received if he had not come in contact with the electric wire in the course of his fall. It is quite possible the wire helped break the fall and thus lessen the extent of the injury," but that, in any event, the presence of the wire did not bring about the accident. Whatever view is taken of the correctness of this decision (Birsch v. Elec. Co., 36 Mont. l. c. 582), the facts distinguish it. In no event does it unsettle the principle of the cases previously cited. In the circumstances it cannot be said this nine-year-old boy is barred of redress by the facts shown by this record. The boy's presence in the tree did not constitute contributory negligence. There was no direct evidence he knew of the defect of insulation. There was no evidence he purposely touched the wires. The uncontradicted evidence shows he did not.

VI. Appellant criticises Instruction 1 given at respondent's instance.

(a) The criticism directed at that part of the instruction referring to the scaffolding need not be considered since appellant requested an instruction including the same matter.

(b) The contention that the instruction excluded the defense of contributory negligence has a semblance of substance, but must be ruled against appellant. The instruction required the jury to find, before
Instruction. finding for respondent, that appellant was guilty of acts constituting positive negligence in leaving the wires uninsulated, and then required a finding that this negligence was *the cause* of the injury. Numerous other instructions, given at the instance of respondent and appellant and on the court's own motion, ring all the changes on the subject of contributory negligence. Not every omission of a reference to contributory negligence renders erroneous an instruction for a plaintiff. [Owen v. Ry. Co., 95 Mo. l. c. 180, 181.] The instruction criticised might have been improved in this respect, but the principle referred to shows there was no prejudicial error. The question whether there was any substantial evidence of contributory negligence, the age of the child being considered, is a serious one, but in view of the fact that appellant had the advantage of having the issue submitted, it need not be discussed.

VII. The verdict was for $7500. As a result of the injuries one of respondent's arms was amputated below the elbow. His other hand is almost useless, the fingers being burned and drawn. He suffered
Remarks of
Counsel. serious burns on the body. It is unnecessary to cite authorities to show that the judgment is far below the amount which the facts would have warranted. The objection to argument of counsel said to affect the amount of recovery must, in view of the result, be held unprejudicial.

The only other exception to argument properly preserved was taken to this statement: "Don't encourage these wealthy, greedy corporations to justify that which cannot compensate this boy simply according to law and according to your duty to the law." This is probably incorrectly reported, but we must deal with it as presented. That this incoherent and meaningless sentence could have "distracted the minds of the jury from a calm deliberation of facts," as counsel argue, is beyond comprehension. Other portions of the argument for respondent are shown to contain an express disclaimer that anything was asked because appellant was a corporation or because of anything save the law and the evidence. Appellant was not prejudiced.

The judgment is affirmed. All concur except *Bond, P. J.,* absent.