FORT WAYNE AND NORTHERN INDIANA TRACTION
COMPANY *v.* STARK.

[No. 10,399.   Filed May 24, 1920.   Rehearing denied December
23, 1920.   Transfer denied January 26, 1921.]

1. ELECTRICITY.—*Electric Wires.—Duty to Insulate.*—Electricity
is a dangerous force, and companies engaged in its generation
and distribution, while not liable as insurers to those who may
come in contact with wires carrying electric current, are re-
quired to exercise reasonable care to keep such wires safely
insulated.  p. 671.

2. NEGLIGENCE. — *Electric Wires.* — *Defective Insulation.* — *In-
juries to Children.—Liability.*—If an improperly insulated elec-
tric wire constructed through the branches of a small tree on
private property was obviously dangerous to persons coming
in contact therewith, and if the electric company owning and
maintaining the wire should reasonably have anticipated that
children in their play would climb into the tree, and thus be
exposed to danger, the company is liable for injuries to a child
nine years of age climbing into the tree and coming into con-
tact with the wire, even though the wire was not an "at-
tractive nuisance," and regardless of whether such child was
a trespasser.  p. 671.

3. ELECTRICITY. — *Electric Wires.* — *Defective Insulation.* — *In-
juries to Children.—Liability.*—Where a company generating
and distributing electric current constructed a "live" wire
through the branches of a small tree located upon a lot abut-
ting a city street, and a child nine years of age climbed into
the tree and was injured by coming in contact with the wire
at a point where the insulation was defective, *held* that, under
the facts alleged and as shown by the evidence, the company
should have anticipated that children would climb into the tree,
and that the maintenance of the wire with defective insulation
was a breach of duty making it liable to the injured child.
p. 672.

From Allen Circuit Court; *John W. Eggeman,* Judge.

Action by Carl Stark against the Fort Wayne and
Northern Indiana Traction Company.  From a judg-
ment for plaintiff, the defendant appeals.  *Affirmed.*

*Barrett, Morris & Hoffman,* for appellant.
*Harry H. Hilgeman,* for appellee.

REMY, J.—On June 5, 1916, appellant, by virtue of a franchise granted to it by the city of Ft. Wayne, was engaged in the business of furnishing, for profit, electricity for lighting and power purposes to the inhabitants of said city; and that, for the purpose of transmitting electric current to its patrons, appellant had erected and was maintaining a system of electric wires along and upon the public streets of said city, including a street named and known as Portage avenue. The wire which it had placed along and over Portage avenue at the time was so constructed as to pass through the branches of a small elm tree located on private grounds, but very near the street at No. 21 of such avenue; and at the point where it passed through the branches of the tree the insulation of the wire was, and for at least two years prior to June 5, 1916, had been, defective, so that when it came in contact with the tree or the branches thereof flashes of light were noticeable. The tree was located in a neighborhood where, as appellant at all times knew, numerous children were in the habit of congregating and playing. On said June 5, 1916, while appellee, a child of nine years of age, and other small children were playing in the neighborhood of the tree, as was their custom, appellee, because of his tender years, not understanding the character of the defectively insulated wire, climbed into the tree, came into contact with the wire, and was thereby severely injured. This action is for damages for personal injuries thus sustained. The above facts, which were established by the evidence, form the basis of the complaint. A trial by jury resulted in a verdict and judgment for appellee.

The one question involved in this appeal is whether or not the facts, as above stated, show actionable negligence on the part of appellant.

Electricity is a dangerous force, and it is well estab-

lished that companies engaged in its generation and distribution, while not liable as insurers to those

1. who may come in contact with current carrying wires, are required to exercise reasonable care to keep such wires safely insulated. *City of Decatur* v. *Eady* (1917), 186 Ind. 205, 115 N. E. 577, L. R. A. 1917E 242; *Denver, etc., Electric Co.* v. *Simpson* (1895), 21 Colo. 371, 41 Pac. 499, 31 L. R. A. 566.

It is the contention of appellant that appellee was a trespasser; that the wire in controversy was not a nuisance calculated to attract small children; and

2. that, therefore, there can be no recovery. In other words, it is appellant's contention that, if it is liable to appellee for the injuries complained of, it must be upon the theory laid down in what is termed "the "turntable cases." It is not the law, as assumed by appellant, that one who maintains premises on which a dangerous thing is suffered to exist, is not liable for injuries thereby resulting to children, unless such instrumentality is what is termed an "attractive nuisance." In 1 Thompson, Negligence 944, the author, in discussing the liability to children, of one who suffers a dangerous agency to exist on his premises, correctly states the law as follows: "Although the dangerous thing may not be what is termed an *attractive nuisance*,—that is to say, may not have an especial attraction for children by reason of their childish instincts,—yet where it is so *left exposed* that they are likely to come in contact with it, and where their coming in contact with it is obviously dangerous to them, the person so exposing the dangerous thing should reasonably anticipate the injury that is likely to happen to them from its being so exposed, and is bound to take reasonable pains to guard it so as to prevent injury to them." See, also, *Penso* v. *McCormick* (1890), 125 Ind. 116, 25 N. E. 156, 9 L. R. A. 313, 21 Am. St. 211; *Binford* v. *Johnston*

(1882), 82 Ind. 426, 42 Am. Rep. 508, and cases cited on page 430.

It follows that if in the case at bar the improperly insulated wire, constructed, as it was, through the branches of the small tree, was obviously dangerous to persons coming in contact therewith, and if it can be said that appellant should reasonably have anticipated that children in their play would climb into the tree, and thus be exposed to the danger, then appellant would be · liable to appellee for the injuries sustained, even though appellee was at the time a trespasser. It is therefore not necessary to decide whether appellee was or was not a tresspasser at the time he was injured.

The question presented by this appeal, though one of first impression in this state, has frequently been determined by the courts of appeal in other jurisdictions. The conclusion reached by such courts, which conclusion we approve, is well stated in a valuable text on the law of electricity (Curtis, Law of Electricity §512) in the following language: "An electric company, maintaining a dangerous wire through or near a tree is bound to anticipate that persons may lawfully climb the tree, and it is required to exercise due care to prevent injury to such persons from its wire. * .* * The courts recognize that children are apt to climb trees, and impose upon electric companies the burden of using due care to keep their high tension wires insulated in places where children when climbing a tree will come in contact with them."

We hold that under the facts set forth in appellee's complaint, and as shown by the evidence in this cause, 3. appellant should have anticipated that children would climb into the tree, through the branches of which it had stretched its wire, and that the maintenance of such wire with defective insulation was a breach of duty for which it was answerable to appellee

in damages. *Williams* v. *Springfield Gas, etc., Co.* (1918), 274 Mo. 1, 202 S. W. 1; *Temple* v. *McComb City Electric, etc., Co.* (1906), 89 Miss. 1, 42 South. 874, 11 L. R. A. (N. S.) 449, 119 Am. St. 698, 10 Ann. Cas. 924. See, also, *Thompson* v. *Tilton Electric, etc., Co.* (1913), 77 N. H. 92, 88 Atl. 216.

Judgment affirmed.