**TEXAS GENERAL UTILITIES CO. v. NIXON.**

No. 2672.

Court of Civil Appeals of Texas. Beaumont.

April 3, 1935.

Rehearing Denied April 10, 1935.

Davis, Avery & Wallace, of Center, and S. M. King, of Beaumont, for appellant.

Sanders & McLeroy, of Center, and O. A. Lord, of Beaumont, for appellee.

O'QUINN, Justice.

Appellee, Johnnie Maurice Nixon, a minor, by and through his father, J. D. Nixon, as next friend, brought this suit against the appellant, Texas General Utilities Company, in the district court of Shelby county, Tex., to recover $40,000 damages for injuries alleged to have been caused by his coming in contact with a highly charged electric wire of appellant. It was alleged that on and prior to May 2, 1933, appellant was engaged in manufacturing, distributing, and selling electricity in Shelby county, Tex., and in the city of Joaquin therein, and that it owned and operated a system of wires, poles, and high-powered lines in said county and city over which it transmitted electricity and electric currents, which it furnished to customers generally; that appellee resided in the city of Joaquin, and that immediately in front of his home was a row of sycamore trees, one of which was in the "door-yard" of his premises; that some time prior to May 2, 1933, appellant had strung in front of his house several electric wires about 20 feet from the ground, attached to posts and passing among and through the branches and limbs of said sycamore trees near the trunks, and that appellant trans-

mitted over said wires a high, dangerous, and deadly electric current of some 2,000 volts; that one of said sycamore trees stood in front of his dwelling and within 20 feet thereof; that the ground around and under said tree was hard, smooth, and regular, and this, with the shade afforded by the tree, made a desirable and attractive place for children to play, and that said Johnnie Maurice Nixon daily played under and about said tree, together with many other neighbor children who lived nearby, the premises being thickly settled for several blocks around; that this tree, which was about 14 inches in diameter, grew in a stooping or leaning position, and had knots along its trunk and limbs, which condition made it interesting and attractive to children and easy for children to climb, and "their natural inclination and instincts would prompt them to climb such tree and go among its extending branches," all of which conditions and things were known to appellant, or should have been known by the exercise of ordinary care; that on May 2, 1933, said Johnnie Maurice Nixon, while playing under and about said stooping tree with other children of about his age (eight years), "prompted by childish impulses and natural inclination, instincts and desires so to do," climbed into said tree, and in some manner came in contact with appellant's said wire where same was uninsulated, resulting in the injuries alleged.

The grounds of negligence alleged by appellee against appellant were: (1) Allowing its wires through the tree to become and remain uninsulated; (2) in placing and maintaining its wires through the tree where said wires were uninsulated; (3) in transmitting high-voltage electricity through these uninsulated wires; and (4) in allowing a limb, which had fallen on one of the wires, causing it to sag down some 2 or 3 feet, and causing it to be near the trunk of the tree, to so remain, which condition contributed to cause appellee to come in contact with the wire, and that maintaining the wire under such circumstances was negligence. That each of the alleged negligent acts was a proximate cause of the appellee's injuries.

Appellant answered by general demurrer, general denial, and specially that appellee's injuries were caused solely by his acts of negligence (a) in climbing the tree mentioned in his petition, and (b) by placing himself in contact with the wire after climbing the tree; and further specially answered that, if mistaken in its allegations of negligence just pleaded as being the sole proximate cause of appellee's injuries, then, in the alternative, that appellee was guilty of contributory negligence (a) in climbing the tree described in his petition, and (b) in placing himself in a position to come in contact with the wire after climbing the tree.

The court overruled appellant's general demurrer, and also refused its request for an instructed verdict, and submitted the case to a jury upon special issues, upon the answers to which judgment was rendered for appellee in the sum of $8,000. Motion for a new trial was overruled; hence this appeal.

J. D. Nixon, the father and next friend of appellee, Johnnie Maurice Nixon, minor boy eight years old, resided in the town of Joaquin, Shelby county, Tex. His residence fronted a street bordering on the right of way of H. E. & W. T. Railway. Immediately in front of his home was a row of sycamore trees, one of which stood in front of his house and within 20 feet of same. The ground around and under this tree was hard and smooth. The tree afforded a good shade. Johnnie Maurice Nixon daily played under and about this tree together with many other neighbor children who lived near by. This tree, which was some 14 inches in diameter, grew slightly stooping or leaning, and had knots or protuberances where limbs had been cut off. The lowest limbs on the tree were about 8 or 10 feet from the ground. Appellant, some years before, had strung its electric wires (four of them) on posts along the edge of the railroad right of way and through the limbs of the tree. The height of the wires from the ground was estimated by witnesses at from 18 to 23 feet. The wire with which the boy came in contact was not insulated in places, that is, the wire had been insulated, but, from rubbing against the limbs of the tree, or some other cause, the insulation was worn and off in places. A limb from a nearby dead tree had fallen on one of the wires and remained hanging from same, and it caused the wire to sag or sink down some 2 or 3 feet, and some nearer to the body of the tree. Originally the wires were about 3 feet from the body of the tree. This situation had existed for some time, when on May 2, 1933, Johnnie Maurice Nixon and a neighbor boy of about his age were playing under the tree, and the Nixon boy, by means of a rope which some one had tied to one of the lower limbs of the tree, climbed into the limbs of the tree and came in contact with this uninsulated wire and suffered severe injury. It does not appear who tied the rope to the limb.

Appellant has 60 propositions based upon 59 assignments of error. Appellee replies with 32 counter propositions, not specifically directed against appellant's assignments, but submitted generally as applying to the questions involved. We shall not undertake to discuss these many assignments and counter assignments, but will discuss only generally the questions (within the compass of the opposing briefs) necessary for a disposition of the appeal.

■ There was no error in overruling appellant's general demurrer nor in refusing its request for an instructed verdict.

■ We overrule appellant's contention that under appellee's pleadings and the facts adduced on the trial it was not required to foresee or anticipate that some such injury as was alleged and proven might occur. It is a matter of common knowledge that it is the natural inclination and venturesome disposition of children, and especially boys, to climb trees and to play among the limbs, and we think it is well settled that a company, stretching electric wires in a city or town through and among the limbs of trees like the evidence shows the tree in this case to have been and situated as it was, must take notice of boyish inclinations and impulses to climb, and anticipate the probability of the presence of children in such trees and the possibility of their coming in contact with the wires and suffering injury thereby. Williams v. Springfield Gas & Electric Co., 274 Mo. 1, 202 S. W. 1; Temple v. McComb City Electric Light & Power Co., 89 Miss. 1, 42 So. 874, 11 L. R. A. (N. S.) 449, 119 Am. St. Rep. 698, 10 Ann. Cas. 924; Ft. Wayne & Northern Indiana Traction Co. v. Stark, 74 Ind. App. 669, 127 N. E. 460; Thompson v. City of Slater, 197 Mo. App. 247, 193 S. W. 971; Mullen v. Gas & Electric Co., 229 Pa. 54, 77 A. 1108; Benton v. Public-Service Corp., 165 N. C. 354, 81 S. E. 448; Graves v. Interstate Power Co., 189 Iowa, 227, 178 N. W. 376; Sweeten v. Power & Light Co., 88 Wash. 679, 153 P. 1054; Stark v. Holtzclaw, 90 Fla. 207, 105 So. 330, 41 A. L. R. 1323; Chickering v. Lincoln County Power Co., 118 Me. 414, 108 A. 460; Shannon v. Light & Power Co., 315 Mo. 1136, 287 S. W. 1031; Deming v. City of Chicago, 321 Ill. 341, 151 N. E. 886; Cooper v. Power Co., 117 Or. 652, 244 P. 665–671, 245 P. 317; Electric-Light & Power Co. v. Healy, 65 Kan. 798, 70 P. 884; Texas Power & Light Co. v. Culwell (Tex. Com. App.) 34 S.W.(2d) 820; Curtis' Law of Electricity, § 512; Joyce on Electricity, § 445; 1 Thompson on Negligence, 994. Multiplied cases supporting the principle announced could be cited.

■ Since appellant should have anticipated that, under the circumstances, it was reasonably probable that children were likely to come in contact with its wires, it must have exercised due care in the erection and maintenance of same as to protect such persons from danger therefrom, which, of course, included the proper insulation of the wires at all times. Authorities supra. See, also, Johns v. Fort Worth Power & Light Co. (Tex. Civ. App.) 30 S.W.(2d) 549; Texas Power & Light Co. v. Culwell (Tex. Com. App.) 34 S.W.(2d) 820; Southwestern Gas & Electric Co. v. Hutchins (Tex. Civ. App.) 68 S.W.(2d) 1085.

■ Under all the decisions, appellee was not a trespasser. He was on his premises, and had the right to ascend the tree. Appellant recognized that the tree was on private premises when it requested permission to cut out or trim the limbs on the tree in placing its wires. This request was refused. This was long before the injury occurred.

■ By several propositions appellant insists that, where facts and circumstances are in evidence not supported by any pleadings, the court, in submitting a special issue which is related to such facts and circumstances, should confine the jury in determining such issue to such facts and circumstances as are alleged, and failure to do so is reversible error. This complaint is directly presented by the eighth proposition, which reads: "Where there are facts and circumstances in evidence which are not supported by any pleadings, the court, in submitting a special issue which is related to such facts and circumstances, should confine the jury in determining said issue to the facts and circumstances as are alleged in the pleadings, and the evidence showing that plaintiff came in contact with defendant's wire by climbing a rope fastened to a limb of the tree in question by some unknown persons, and the evidence further showing that other children had climbed the tree in question, and there being no pleadings supporting such facts, the court erred in submitting to the jury Special Issue No. 5 calling for a finding of proximate cause in not confining the jury in answering said issue to the facts and circumstances alleged in the pleadings".

Special issue No. 5 was: "Do you find from a preponderance of the evidence that such negligence, if any, was a proximate cause of the injuries, if any, sustained by Johnnie Maurice Nixon?"

This issue was preceded by special issue No. 4 as to whether the maintenance of the wire in question by appellant in an uninsulated condition was negligence. This issue was answered "Yes," and issue 5 referred to the negligence there inquired. Appellant by proper objection duly presented to the court objected to issue 5 because the court did not confine the jury in its consideration of the matter inquired to the evidence having support in the pleadings, but permitted the jury to consider in determining the issue evidence having no support in the pleadings, to wit, that children climbed the tree on other occasions; that a rope had been tied to a limb of the tree; and that plaintiff on the day in question climbed the rope and thereby got into the tree and was injured. This objection to the charge was overruled. There was no pleading as to other children on other occasions having climbed the tree, neither was there any pleading that a rope had been tried to a limb of the tree, or that appellee, the injured boy, climbed the rope and thus gained access to the tree on the occasion he was injured. So that such facts were not within the pleadings.

It is believed that the assignments are well taken and constitute reversible error. Texas & N. O. Ry. Co. v. Crow, 121 Tex. 346, 48 S.W.(2d) 1106, 1109. In the cited case, issues inquiring as to whether the train was being operated at a dangerous rate of speed, and, if so, was same negligence, and, if negligence, was such negligence the proximate cause of the death of Crow, were submitted to the jury, each being answered in the affirmative. The railroad company objected to the submission of issues 5 and 6, inquiring as to negligence in the manner of operating the train, and whether such negligence, if found, was a proximate cause of Crow's death. The objection was that the jury was not instructed, in determining said issues, as to what facts and circumstances surrounding the operation of the train as to whether or not it was being run at a dangerous rate of speed, might be considered by them. This objection was overruled. The Supreme Court, in holding that the overruling of the objection to the charge was error, said:

"It is to be noted that the court, in submitting these special issues, did not confine the jury to a consideration of such 'facts and circumstances surrounding the operation of said train' as are alleged in the pleadings. There are facts and circumstances in evidence which are not pleaded by either party, but which the jury might well have considered themselves authorized to take into consideration in determining these special issues. For instance, the jury might have understood that they were authorized to consider, in respect to these issues, the fact that the night was drizzly and cloudy; or the fact that a strong north wind was blowing; or the fact that there were chug holes in the highway where it crossed the railroad right of way. None of these facts were alleged in the pleadings, yet under said special issues, as submitted, the jury were authorized to consider, and perhaps did consider, these facts, and give some weight to them, in answering said special issues. The trial court erred in overruling said objection of the plaintiff in error to special issues 5 and 6; and because of this error, the judgment of the trial court, and that of the Court of Civil Appeals affirming same, should be reversed and the cause remanded."

If, in determining negligence, and whether such negligence was a proximate cause of the death of Crow in the cited case, it was error to not confine the jury to considering only the facts and circumstances pleaded by the parties, and that as the evidence showed it was a drizzly night, that a strong north wind was blowing, and that there were chug holes in the highway where it crossed the railroad right of way, none of which was pleaded; we think it was error for the court in the instant case not to confine the jury in passing upon issues submitting negligence, and whether, if negligence was shown, such negligence was a proximate cause of the boy's injury, but to permit the jury to consider the facts that a rope had been tied to a limb of the tree and hung down as a swing for children to grasp and play, and that children had before the day in question climbed into the tree, and that the injured child on the day in question climbed the rope into the tree and was injured, none of which was pleaded, was reversible error, for which the cause must be remanded.

■ The jury found that appellee, the injured child, was not guilty of contributory negligence. The assignment that this finding has not sufficient support in the evidence is overruled. The boy was barely eight years old, and whether he, at the time of his injury, had sufficient discretion as to understand the dangerousness of the situation, was a question of fact, and we think the finding of the jury fully supported.

■ The question of unavoidable accident is not in the case. An unavoidable accident is an occurrence that could not have been foreseen by either party; one not chargeable

to the negligence of either party. If the injury resulting from the act alleged could have been foreseen by a reasonably prudent person, then the one producing or causing the act is responsible, and the case is not one of accident. 30 Tex. Jur. Negligence, § 26, pp. 673–675; 20 R. C. L. 20; Dallas Ry. & Terminal Co. v. Darden (Tex. Com. App.) 38 S.W.(2d) 777.

The assignments as to the admissibility of the evidence of the witness Elliot are overruled. We think the witness showed sufficient knowledge and capacity to testify as disclosed. We also overrule the assignments as to the admissibility of the evidence of the witness Miss Cockrell. No sufficient exception to the admission of the testimony appears in the record. However, we suggest that upon another trial her evidence as to the record of Johnnie Maurice Nixon as a pupil under Miss Oneita Hennigan for the year preceding his injury, Miss Hennigan not testifying, was hearsay, and in our opinion, upon such objection, such evidence should be excluded. We are not holding that the boy's record for that year for the purpose of comparing same with his progress the year after his injury is not admissible, but only saying that such evidence should be by his then teacher who was familiar with the boy's record and who compiled same.

Appellant presents fourteen assignments of error complaining of what it insists was improper and prejudicial argument of counsel for appellee in presenting the case to the jury, and urges same as reversible error. We believe several of them are well taken, for which the judgment would have to be reversed, but, as we have reversed the judgment on other grounds, and as these matters complained will not arise on another trial, we forego a discussion of them. It is insisted by appellee that no reversible or improper argument is shown, and that, as the trial court heard the motion for a new trial in which these assignments were presented, considered, and overruled, they should not be held by us as reversible error. The rule in Texas seems to be settled that, where improper argument is shown, the complaining party is entitled to a reversal of the judgment, as a matter of law, if, under all the circumstances, there is a reasonable doubt of its harmful effect, or unless it affirmatively appears no prejudice resulted. Floyd v. Fidelity Union Casualty Co. (Tex. Com. App.) 24 S.W.(2d) 363; Bell v. Blackwell (Tex. Com. App.) 283 S. W. 765; West Texas Utilities Co. v. Renner (Tex. Com. App.) 53 S.W.(2d) 451 (455); 3 Tex. Jur. 1260, § 883. From a careful consideration of the matters complained in the assignments, we do not believe it can be said beyond a reasonable doubt that no prejudice appears, or that it affirmatively appears that no prejudice resulted.

Other assignments are presented, but, as the matters complained may not arise on another trial, we do not deem it necessary to discuss them. For the errors discussed, the judgment is reversed and the cause remanded. Reversed and remanded.