## CONNECTICUT GENERAL LIFE INS. CO. v. KORNEGAY.

### No. 2876.

Court of Civil Appeals of Texas.
Beaumont.

April 10, 1936.

Rehearing Denied April 15, 1936.

John Tucker and Orgain, Carroll & Bell, all of Beaumont, for appellant.

D. E. O'Fiel, of Beaumont, for appellee.

O'QUINN, Justice.

Appellee sued the Connecticut General Life Insurance Company, hereinafter called the insurance company, to recover upon two policies of "group insurance," Nos. G5039 and G5545, issued by the insurance company to the Gulf Oil Corporation of Pennsylvania and its subsidiary and affiliated companies of which the Gulf Refining Company at Port Arthur, Tex., was one. As a basis for the action, appellee alleged that the insurance company issued the two named policies to the Gulf Oil Corporation of Pennsylvania, which said policies covered the employees of said Gulf Oil Corporation and its subsidiary and affiliated companies of which the Gulf Refining Company of Port Arthur, Tex., was one; that he had been employed by

said Gulf Refining Company at Port Arthur, Tex., and had been issued certificates of insurance under and by virtue of each of said certificates, and that at the time of his employment with said Gulf Refining Company, on or about July 30, 1930, he was insured under group policy G5039 in the sum of $2,500, and under group policy G5545 in the sum of $1,500, such insurance covering him in the event of death or of total and permanent disability; that in the month of March, 1930, he became sick with several ailments (set out in his petition) and became totally and permanently disabled on or about July 30, 1930, and by reason of such total and permanent disability was entitled to recover in the sum of $4,000.

Appellant, the insurance company, answered by general demurrer, and numerous special exceptions, and general denial. Among special defenses pleaded were. (a) That each of said policies, G5039 and G5545, and all benefits thereunder, were conditioned upon the claimant making due proof of loss, and that no such proof was made; (b) that each of said policies provided that all insurance thereunder should be determined and canceled at such time when the insured employee ceased to be an employee of the Gulf Refining Company; that on June 24, 1930, appellee ceased to be an employee of said Gulf Refining Company, and the insurance under each of said policies was terminated and canceled on said date, and that appellee was neither totally nor permanently disabled on said date; (c) that appellee's cause of action, if any he ever had, was barred by the four years' statute of limitation; (d) that policy G5545 provided that no action should be instituted by any employee under said policy unless said employee shall have given notice to the insurance company of such claim under said policy within two years after the termination of his employment, and that no such notice was at any time given, and so the right to sue on said policy was barred by such provision, the suit herein having been brought more than two years after appellee's employment ceased.

The court overruled the general demurrer and all of the special exceptions. Appellant's motion for an instructed verdict as to policy G5545, and also on the whole case, were also overruled. The case was then tried to a jury upon special issues, in answer to which they found: (a) That appellee was totally disabled; (b) that he

became totally disabled on or before June 24, 1930; (c) that such total disability was permanent on or before June 24, 1930; (d) that by proper medical treatment appellee's condition could be improved without endangering his life; (e) that if such treatment was had and such improvement followed, he could not pursue "some occupation for wages or profit"; (f) that appellee's disability was not partial; (g) and that his disability had not at any time since June 24, 1930, been partial.

Appellant moved for judgment non obstante veredicto, which was refused, and judgment rendered for appellee in the sum of $4,000. Motion for a new trial, in which 142 assignments of error were urged, was overruled, and the case is before us on appeal.

■ The court erred in refusing to give appellant's requested special issue as to whether appellee's injury, if any he had, became permanent, if it ever did, after June 24, 1930. This was the date that appellee ceased to be an employee of the Gulf Refining Company, when the insurance, under the terms of the policies, terminated and ceased to cover appellee. The jury found that appellee's disability became total and permanent on or before June 24, 1930, but if the issue requested by appellant had been given and had been answered in the affirmative such finding would have been a complete defense to appellee's asserted cause of action. This defense was pleaded, and the evidence raised the issue whether the loss, accrual of total and permanent disability, occurred after June 24, 1930, and appellee was entitled to an affirmative submission of the issue. Indemnity Ins. Co. v. Boland (Tex. Civ.App.) 31 S.W.(2d) 518; Southland Life Ins. Co. v. Dunn (Tex.Civ.App.) 71 S.W.(2d) 1103; Connecticut General Life Ins. Co. v. Moore (Tex.Civ.App.) 75 S. W.(2d) 329.

■ We think that the court erred in admitting, over appellant's objections, evidence that appellee suffered from infected teeth, pleuritis, an injured hand, hemorrhages, and the results from an operation for appendicitis, and permitting the jury to consider such evidence in answering the special issue as to whether the total disability, if any, of appellee was permanent on or before June 24, 1930; there being no pleading that he was suffering from such ailments. For cause of action and right to recover under the policies, appellee

alleged: "The plaintiff would represent to the court that during the month of March, 1930, while he was an employee of The Gulf Refining Company, and while his insurance was in full force and effect, in the sum of Four Thousand ($4,000.00) Dollars he became sick by an infection of the gall bladder and an infection of his liver, the name of which is unknown to this plaintiff, and arthritis in his right hip, a partial loss of the vision of both of his eyes, and ulcerated stomach and intestines and then he continued to work and said injury, sickness, and disease continued to increase and became aggravated until on or about July 30, 1930, at which time this plaintiff was forced and compelled to give up all work and business activities, and became totally and permanently disabled on or about July 30, 1930, and that while this plaintiff was stricken sick in March, 1930, with disease and illness above enumerated, then the poison and toxin in his system spread to the various organs of his body and caused him to become afflicted with heart disease, high blood pressure, and nephritis and sclerosis. That said sickness and diseases were all in progress and developed on or about said 30th day of July, 1930; at the time he became totally and permanently disabled he attempted to have his sickness and diseases relieved by an operation and a surgeon performed an operation. The same was not successful and did not relieve his diseases and there remained from said operation an adhesion of his abdomen, which is continuously causing him inconvenience and suffering. And thereby the defendant became bound and obligated under said policies to pay to this plaintiff the sum of Four Thousand ($4,000.00) Dollars due and owing which the defendant failed and refused and still fails and refuses to pay the same or any part thereof."

It is seen that appellee specifically pleaded his various sicknesses and diseases which he alleges caused his total and permanent disability, and that those objected to by appellant were not pleaded as a cause contributing to his alleged total and permanent disability, but the jury was permitted by the court to hear and consider same. It is more than probable that the consideration of this evidence, along with other evidence relating to appellee's ailments, had force in the rendition of the jury's answer to the issue involved finding total and permanent disability. It is well settled that in pleading specifically the elements of things causing damage to one, the consideration by the jury in arriving at their finding must be confined to those pleaded. Texas & N. O. Ry. Co. v. Crow, 121 Tex. 346, 48 S.W.(2d) 1106, 1109; Texas General Utilities Co. v. Nixon (Tex.Civ.App.) 81 S.W.(2d) 250 (writ refused).

The assignments discussed would reverse and remand the case. There are many other assignments of error, among them one strenuously insisting that the evidence does not support the findings of the jury nor the judgment rendered. We forego any discussion of these assignments because not thought necessary.

Although we have held reversible error in the matters above discussed, we now consider a more serious assignment. Both of the insurance policies in controversy contained this provision: "The Connecticut General Life Insurance Company of Hartford, Connecticut, (hereinafter called the company) hereby agrees, subject to the terms and conditions of this policy, to pay immediately on receipt of due proof of death or of permanent total disability as hereinafter defined of any employee of the Gulf Oil Corporation of Pennsylvania and/or affiliated and/or subsidiary companies (hereinafter called the employer) the sum to which the designated employee is entitled in accordance with the following schedule of insurance on each life."

Appellant by verified pleas specially pleaded these provisions, and that all payments contracted to be made under the policies were conditioned upon receipt by the company of due proof of loss, and that "due proof of loss" meant proof of loss made "within a reasonable time" after the happening of the loss. It further answered and denied that such proof had been made, and hence no recovery could be had. Appellee alleged that he became totally and permanently disabled on or about July 30, 1930. He was laid off or removed from the list of employees on that date. The jury found that he became totally and permanently disabled on June 24, 1930. That was the last day that he was covered by the insurance. Appellee alleged that after he became totally and permanently disabled he furnished appellant proof of his total and permanent disability, but does not allege when such proof was made. It is undisputed that no proof of loss was made until December 20, 1934, four years, five months, and

twenty-six days after the accrual of total and permanent disability as found by the jury, and said length of time after the insurance was canceled. Upon this state of the evidence, appellant moved for an instructed verdict which was refused. This is assigned as error under the contention that in law no "due proof of loss" was made as required by the policies. The policies make the furnishing of due proof of loss a condition precedent to the enforcement of the policy. This provision of the policies requiring due proof of loss was reasonable and not in violation of any statute or of public policy. 24 Tex.Jur. § 279, pp. 1090, 1091. In the absence of a stipulated meaning in the policy, the words "furnish" and "due" and "proof" are given their ordinary meaning in determining whether "due proof" of loss has been made in compliance with the requirements of the policy. "Due," in the expression "due proof," ordinarily refers to the time when the proof is to be made rather than the sufficiency of facts to be established by the proof. When "due proof" of loss is required by the policy and no period of time is specified within which proof shall be made, the law requires that same shall be made within a reasonable time after the happening of the loss. The question, then, is: What will be considered as a "reasonable time"? We think that ordinarily it may be said to mean as early after the occurrence of the loss as is consistent with the attending circumstances. It is the experience of every defender of causes that it is a matter of first importance to become possessed of all the material facts and the names and residences of all known witnesses at the earliest possible time, as facts may be forgotten or distorted, and witnesses may go beyond reach. Requiring the making of due proof is an important provision, in that it is for the protection of the insurer against fraudulent claims, and also against those which, although made in good faith, are not valid. In the instant case, the proof of loss was not made until more than four years after same occurred. There was neither pleading nor proof excusing the long delay in the making of proof of loss. That proof of loss furnished after the expiration of a reasonable time does not comply with the requirement of "due proof of loss" is well settled. Travelers' Ins. Co. v. Scott (Tex.Civ.App.) 218 S.W. 53 (17 months) (writ refused); Texas Glass & Paint Co. v. Fidelity & Deposit Co. (Tex.Com. App.) 244 S.W. 113 (21 months); Jefferson Standard Life Ins. Co. v. Williams (Tex.Civ.App.) 62 S.W.(2d) 661 (4 years, 5 months) (writ refused); Hefner v. Fidelity & Casualty Co., 110 Tex. 596, 160 S.W. 330, 222 S.W. 966 (10 months).

The delay in making proof of loss was unreasonable and did not meet the requirements of the policies.

The assignment is sustained, and the judgment of the trial court reversed, and judgment here rendered for appellant.