### HOLLIS v. CONNECTICUT GENERAL LIFE INS. CO.

No. 2986.

Court of Civil Appeals of Texas. Beaumont.

Dec. 10, 1936.

Rehearing Denied Dec. 16, 1936.

David E. O'Fiel, of Beaumont, for plaintiff in error.

Orgain, Carroll & Bell, of Beaumont, for defendant in error.

COMBS, Justice.

For convenience we will designate the plaintiff in error as plaintiff, the position which he occupied in the trial court, and the defendant as "the insurance company."

From 1925 to October, 1930, the plaintiff was continuously employed by the Gulf Oil Corporation at Port Arthur, Tex., and as such employee he was insured under a policy of group insurance designated as No. G–5545. A certificate issued to the plaintiff under said policy was in the original sum of $1,000, with provisions for increasing the amount at the rate of $100 per year of service. The master policy contained the following liability provision: "The Connecticut General Life Insurance Company of Hartford, Connecticut (hereinafter called the Company) hereby agrees subject to the terms and conditions of this policy, to pay immediately upon receipt of due proof of death or of permanent total disability as hereinafter defined of any employee of Gulf Oil Corporation of Pennsylvania and/or affiliated and/or subsidiary companies (hereinafter called the Employer) the sum to which the designated employee is entitled in accordance with the following schedule of insurance on each life." The plaintiff appears to have filed his original petition in this cause on January 31, 1934, and his first amended original petition upon which the case went to trial was filed May 29, 1935. In addition to pleading the provisions of the policy concerning the benefits to be paid for total and permanent disability, the plaintiff alleged in substance that he became totally and permanently disabled within the meaning of said policy during the time of his employment, that is to say, prior to October 1, 1930, and that under the terms of said policy G–5545 the insurance company became bound and liable to pay to him the sum of money due under the policy. He further pleaded that he had never been in possession of the master policy, and that the certificate issued to him did not disclose his right to the benefits, and he pleaded lack of knowledge of the provisions of the policy requiring notice and proof of loss as an excuse for his failure to furnish proof of loss sooner than he did, and pleaded that the insurance company had suffered no prejudice by reason of his failure to make the proof sooner.

The insurance company answered by general demurrer, general denial, and several special exceptions. In addition it specially

pleaded, among other things, the provision of the policy requiring due notice and proof of loss, and denied that any such proof had been given until the month of March, 1935, which was four and a half years after the termination of the plaintiff's employment and after the beginning of his alleged total disability.

At the conclusion of the evidence the motion of the insurance company for an instructed verdict was overruled and the case was submitted to the jury on special issues. On many of the issues the answers of the jury were highly conflicting. However, special issue No. 28, submitted to the jury, inquired as to the plaintiff's diligence in presenting his claim, as follows: "From a preponderance of the evidence do you find that the plaintiff exercised any diligence to discover the policy provisions and to present his claim and made his claim thereunder?" To which the jury answered, "No." In response to other issues the jury found, in substance, that up until the plaintiff left his claim with an attorney, which the evidence shows was in 1933, he did not know of the provisions of the policy concerning the requirements of giving notice in writing within a certain time, and that such want of knowledge was good cause for his failure to give notice of his claim sooner than he did; and, further, that his failure to give notice had not resulted in prejudice to the defendant. Upon the verdict of the jury the trial court entered a judgment that the plaintiff take nothing, and this appeal is from that judgment.

The undisputed evidence discloses, as we view it, that the plaintiff's employment with the Gulf Oil Corporation terminated in October, 1930, and that he did not furnish the proof of loss, as required by the provisions of the master policy until March 4, 1935, four years and four months after his employment terminated and after his total disability began as found by the jury. In Connecticut General Life Ins. Co. v. Kornegay, 93 S.W.(2d) 164 (writ refused), the same master policy here involved was before this court, and we there held in an opinion by Justice O'Quinn, a delay of four years, five months, and twenty-six days after the accrual of total and permanent disability in furnishing proof of loss was, as a matter of law, an unreasonable delay in presenting such proof, precluding recovery. This same policy provision has been construed and discussed by this court also in the following

cases: Connecticut Gen. Life Ins. Co. v. Dugas, 91 S.W.(2d) 757 (writ dismissed); Lewis v. Ins. Co., 94 S.W.(2d) 499 (writ refused); Conn. Gen. Life Ins. Co. v. Smith, 94 S.W.(2d) 519 (writ dismissed), and Conn. Gen. Life Ins. Co. v. Warner, 94 S.W.(2d) 514 (writ refused). In the latter case it was held that a delay in making proof of three years and nineteen days after the occurrence of the disability did not satisfy the policy requirement for due proof of loss because not made within a reasonable time, notwithstanding the insured's want of knowledge of the provisions of the policy.

In the case before us we have not merely a delay in presenting proof which was, as a matter of law, fatal to the plaintiff's claim, but we have also a jury finding that he exercised no diligence to sooner discover his rights and present his claim.

The judgment of the trial court is affirmed.