## CONNECTICUT GENERAL LIFE INS. CO. v. BOWMAN.
### No. 2996.

Court of Civil Appeals of Texas. Beaumont.
Dec. 17, 1936.

Rehearing Denied Dec. 23, 1936.

Orgain, Carroll & Bell, of Beaumont, for appellant.

D. E. O'Fiel, of Beaumont, for appellee.

WALKER, Chief Justice.

In the lower court this was an action by appellee, George Bowman, against appellant, Connecticut General Life Insurance Company, for disability benefits under the provisions of appellant's policy No. G–5039 issued to the Gulf Oil Corporation of Pennsylvania and its subsidiary and affiliated companies; the Gulf Refining Company at Port Arthur, Tex., was an "affiliated" company under the provisions of the policy. Appellee, as an employee of the Gulf Refining Company, by this suit, claimed the disability benefits of this policy. Appellee, claiming disability as of date February 7, 1930, did not furnish "proof of loss" until August, 1935, approximately five years and six months after the accrual of disability and termination of his insurance protection under policy No. G–5039. Among other defenses, appellant pleaded that proof of loss was not furnished within the time required by the terms of the policy; appellee answered, pleading certain excuses for the delay in furnishing the required proof. The conditions of the policy relied upon by appellant, its defensive plea, and appellee's answer are identical with the pleas of appellant and appellee in John Lewis v. Connecticut General Life. Ins. Co., 94 S.W.(2d) 499 (writ refused), wherein policy No. G–5039 was in issue, and the parties were represented by the same attorneys as in this case; we adopt the statement in the case cited as our statement of the issue in this case. In the case cited, proof of loss was furnished five years one month and eleven days after the date of the claimed disability; we held as a matter of law that the proof was furnished too late, and, on that ground, affirmed the judgment of the lower court in favor of appellee. On identical facts in this case, the same judgment must follow—that appellee recover nothing against appellant, and that appellant go hence without day and recover its costs. The following additional authorities, wherein the insurance

company and the claimants were respectively represented by the same attorneys as in this case, and wherein the same policy was in issue and the same defense pleaded and the same excuse offered for the delay in furnishing the proof have been before this court and the defense held good as a matter of law; Connecticut General Life Ins. Co. v. Kornegay (Tex.Civ.App.) 93 S.W. (2d) 164 (writ dismissed); Connecticut General Life Ins. Co. v. Warner (Tex.Civ. App.) 94 S.W.(2d) 514 (writ refused); Connecticut General Life Ins. Co. v. Smith (Tex.Civ.App.) 94 S.W.(2d) 519 (writ dismissed).

Reversed and rendered.