## CONNECTICUT GENERAL LIFE INS. CO. v. WARNER.

### No. 2864.

Court of Civil Appeals of Texas. Beaumont.

May 8, 1936.

Rehearing Denied May 13, 1936.

Orgain, Carroll & Bell, of Beaumont, for appellant.

David E. O'Fiel, of Beaumont, for appellee.

O'QUINN, Justice.

Appellee sued the Connecticut General Life Insurance Company (hereinafter called the insurance company) to recover upon a certain group insurance policy, No. G5039, issued by the insurance company to the Gulf Oil Corporation of Pennsylvania and its subsidiary and affiliated companies. As a basis for the action, he alleged that the insurance company issued the policy to the Gulf Oil Corporation of Pennsylvania, which said policy covered the employees of said Gulf Oil Corporation and its subsidiary and affiliated companies, and that the Gulf Refining Company at Port Arthur, Tex., was one of such subsidiaries; that he had been employed by said Gulf Refining Company, and had been issued certificates of insurance under and by virtue of said policy, which original insurance was in the sum of $1,000, but which, under the provisions of said policy, had been annually increased until it reached the sum of $2,500, the maximum allowed under said policy, such insurance covering him in the event of death or of total and permanent disability; that on February 21, 1930, while he was employed by said Gulf Refining Company, and while said insurance policy was in full force and effect, he became totally and permanently disabled, which disability was caused by him inhaling poisonous gases which developed into several diseases and afflictions (naming them) which, during the month of February, 1930, rendered him totally and permanently disabled, by reason of which appellant became bound and liable to pay him said sum of $2,500, but which it refused to do, wherefore he was entitled to recover said sum, together with 12 per cent. penalty and a reasonable attorney's fee.

Appellant, the insurance company, answered by general demurrer, various special exceptions, and general denial. Among special defenses pleaded were (a) that liability under the policy was conditioned upon claimant making due proof of loss (total and permanent disability), and that no such proof was made; (b) that the insurance policy provided that all insurance thereunder should be determined and canceled at such time when the insured ceased to be an employee of the Gulf Refining Company; that on February 21, 1930, appellee ceased to be an employee of said Gulf Refining Company, and the insurance under said policy was terminated and canceled on said date; (c) that on said February 21, 1930, appellee was neither totally nor permanently disabled from work, but was then and there fully able to perform work; and (d) that appellee's cause of action, if any he ever had, was barred by the 4-year statute of limitation.

The court overruled the general demurrer and all of the special exceptions. At the conclusion of the evidence, appellant moved for instructed verdict, which was refused. The case was tried to a jury upon special issues, in answer to which they found: (a) That appellee was totally disabled; (b) that he became totally disabled on February 21, 1930; (c) that such total disability was permanent; (d) that such disability became permanent on February 21, 1930; (e) that appellee made due proof of his total and permanent disability to appellant; (f) that such proof was made "within a reasonable time"; (g) that appellee discovered the provisions of the insurance policy requiring him to make "due proof of loss" on or about February 15, 1933; (h) that appellee discovered that he had a cause of action as for total and permanent disability on or

about February 15, 1933; (i) that appellee furnished to appellant proof of his total and permanent disability "after making" such discovery; (j) that such proof of claim was made "within a reasonable time"; (k) that appellee's disability had not been partial at any time since February 11, 1930; (l) that appellee could not have worked at any occupation for wages or profit at any time since February 21, 1930; and (m) that appellee could not work for wages at the time of the trial if he were able to secure employment.

On the verdict of the jury, the court rendered judgment for appellee in the sum of $2,500, with 6 per cent. interest from February 21, 1930. Motion for a new trial, in which 171 assignments of error were urged, was overruled, and we have the case on appeal.

█ The court erred in overruling appellant's exception to the charge because same did not submit to the jury the issue whether appellee's disability, if any, was temporary, and appellant's request for the submission of such issue. Under the holding in Indemnity Ins. Co. v. Boland (Tex.Civ.App.) 31 S.W.(2d) 518, Southland Life Ins. Co. v. Dunn (Tex.Civ.App.) 71 S.W.(2d) 1103, and Connecticut General Life Ins. Co. v. Moore (Tex.Civ.App.) 75 S.W.(2d) 329, the refusal of such issue was error, regardless of how other issues on the extent and duration of appellee's disability may have been answered by the jury.

█ It was error to refuse to submit to the jury an issue as to whether appellee's disability had been temporary for any period of time since February 21, 1930, this because, if the jury had answered that appellee's disability had been temporary at any time after February 21, 1930, appellee could not, under the provisions of the policy, have maintained his suit, the insurance covering only total and permanent disability which the claimant suffered while an employee, and it being without dispute that appellee was not an employee of the Gulf Refining Company after February 21, 1930.

The court, in his charge to the jury, defined "total and permanent disability" as follows: "By the term 'total and permanent disability' is meant that if said total disability, if any, began before reaching the age of sixty (60) years and presumably will, during his life prevent employee from pursuing any occupation for wages or profit, he shall be deemed to be totally and permanently disabled within the meaning of the policy in suit."

Appellant duly objected and excepted to this charge for many reasons, among which was that it was a general charge, and further that, if they should find certain facts to exist, same would amount to total and permanent disability, which was, in effect, an instruction to the jury how to answer the issue involved. These objections and exceptions were overruled, and appellant assigns error against the ruling.

█ Article 2189, R.S.1925, provides that in submitting special issues the court shall submit such explanations and definitions of legal terms (used in the charge) as shall be necessary to enable the jury to properly pass upon and render a verdict on such issues. It was by virtue of this provision the court's definition of total and permanent disability was given. The policy provided for the payment of a certain sum if insured, before reaching the age of 60, suffered total and permanent disability while an employee of the Gulf Refining Company. Appellee alleged that he suffered such disability. This was denied by appellant. The court submitted the case to a jury upon special issues: No. 1, as to whether appellee was totally disabled, and No. 3, as to whether such disability was permanent, and in connection with this last issue gave the definition of total and permanent disability above set out. This definition or charge was verbatim the statement in the policy of what facts would, within the meaning of the policy, constitute total and permanent disability. We do not think that said charge was a definition of any legal term in the charge to which it related, but that it was subject to the objection urged by appellant that it was an instruction upon the facts of the case, that is, as to what facts would show total and permanent disability, and that portion of the charge reading, "he shall be deemed to be totally and permanently disabled within the meaning of the policy in suit," was a general charge as to the law pertaining to that phase of the case relating to the character and extent of disability covered by the policy sued on, and, being so, was clearly in violation of article 2189, supra. Humble Oil & Refining Co. v. McLean (Tex.Com.App.) 280 S.W. 557; J. M. Radford Grocery Co. v. Andrews (Tex.Com.App.) 15 S.W.(2d) 218;

Kemper v. Police & Firemen's Ins. Ass'n (Tex.Com.App.) 48 S.W.(2d) 254, 255; Texas & P. R. Co. v. Perkins (Tex.Com. App.) 48 S.W.(2d) 249; Winters Mutual Aid Ass'n Circle No. 2 v. Reddin (Tex. Com.App.) 49 S.W.(2d) 1095.

■ The authorities cited fully construe the statute relative to the giving of a general charge in cases submitted on special issues, and define the duties of the court in such instances, and we do not deem it necessary to here repeat such discussion or to quote from said decisions. As said by Judge Critz in the Kemper Case, supra: "It is sufficient to say that, where a case is submitted on special issues, the court is forbidden to give a general charge, and his instructions must be confined to 'such explanations and definitions of legal terms as shall be necessary to enable the jury to pass upon and render a verdict on such issues.' The charge should never extend to a discussion of the case, and should never concretely tell the jury how to answer particular questions, in view of particular findings." The assignment is sustained.

■ Over the objection of appellant, appellee was permitted to testify that the foreman under whom he worked at the Gulf Refining Company told him at the time he was let out or removed from the list of employees that he was let out because he was not able to work. This was objected to because it was hearsay. The testimony was not admissible, and it was error to admit same. For the same reason, the testimony of appellee, over the objection of appellant, that Mr. Smith, who was immediately under the superintendent of the Gulf Refining Company, told him when he was let out that it was because he was not able to give satisfaction any more, was not admissible.

Although we have held reversible error in the matters above discussed, we now come to the consideration of a more serious assignment. In answer to special issue No. 5, the jury found that appellee, after becoming totally and permanently disabled, made due proof of his disability. Special issue No. 6 was: "From a preponderance of the evidence do you find that such proof was made, if any, within a reasonable time?"

In connection with this issue the court charged: "'Reasonable time' is defined to be so much time as is necessary under the circumstances to do conveniently what the contract or duty requires should be done in a particular case."

■ Appellant seasonably objected and excepted to this charge defining "reasonable time," because, by the use of the word "conveniently," the court erroneously instructed the jury as to the duty resting on appellee, in that they were given the test as to what one could conveniently do rather than what a reasonable and prudent man would do under the same or similar circumstances. This objection was overruled, and appellant assigns error. We think the assignment should be sustained. The rule of reasonable diligence in ascertaining what were his rights in the premises, and not that of convenience, applied. The policy required appellee, in case of total and permanent disability, to make due proof of same. He ceased to be an employee of the Gulf Refining Company on February 21, 1930, at which time his insurance was canceled. He sued to recover insurance as for total and permanent disability provided by the policy, alleging that he became totally and permanently disabled on said date, February 21, 1930. The jury found that he became totally and permanently disabled on said date. The policy contained this provision: "The Connecticut General Life Insurance Company of Hartford, Connecticut, (hereinafter called the company) hereby agrees, subject to the terms and conditions of this policy, to pay immediately on receipt of due proof of death or of permanent total disability as hereinafter defined of any employee of the Gulf Oil Corporation of Pennsylvania and/or affiliated and/or subsidiary companies (hereinafter called employer) the sum to which the designated employee is entitled in accordance with the following schedule of insurance on each life."

Appellant by verified plea specially pleaded this provision, and that payments contracted to be made under the policy were conditioned upon receipt by the company of due proof of loss, and that "due proof of loss" meant proof of loss made "within a reasonable time" after the happening of the loss, and denied that such proof of loss had been made, wherefore no recovery could be had. Appellee alleged that, after he became totally and permanently disabled, he furnished appellant proof of his total and permanent disability, but did not allege when such proof was made. It is undisputed that no proof of loss was made until March 10, 1933, when

the attorney for appellee mailed a letter containing proof to appellant, 3 years and 19 days after the accrual of total and permanent disability as found by the jury, and said length of time after the insurance ceased to exist. The jury found that this was proof made within a reasonable time. Upon these facts, appellant moved for an instructed verdict, which was refused. This is assigned as error on the contention that in law no "due proof of loss" was made as required by the policy. The policy makes the furnishing of due proof of loss a condition precedent to the enforcement of the policy. This provision of the policy is reasonable and not in violation of any statute or of public policy. 24 Tex.Jur. § 279, pp. 1090, 1091.

In Connecticut General Life Ins. Co. v. Kornegay, 93 S.W.(2d) 164, 167, recently decided by this court in discussing this question, we said: "In the absence of a stipulated meaning in the policy, the words 'furnish' and 'due' and 'proof' are given their ordinary meaning in determining whether 'due proof' of loss has been made in compliance with the requirements of the policy. 'Due,' in the expression 'due proof,' ordinarily refers to the time when the proof is to be made rather than the sufficiency of facts to be established by the proof. When 'due proof' of loss is required by the policy and no period of time is specified within which proof shall be made, the law requires that same shall be made within a reasonable time after the happening of the loss. The question, then, is: What will be considered as a 'reasonable time'? We think that ordinarily it may be said to mean as early after the occurrence of the loss as is consistent with the attending circumstances. It is the experience of every defender of causes that it is a matter of first importance to become possessed of all the material facts and the names and residences of all known witnesses at the earliest possible time, as facts may be forgotten or distorted, and witnesses may go beyond reach. Requiring the making of due proof is an important provision, in that it is for the protection of the insurer against fraudulent claims, and also against those which, although made in good faith, are not valid."

That proof of loss furnished after the expiration of a reasonable time does not comply with the requirement for "due proof of loss" is well settled. Travelers' Ins. Co. v. Scott (Tex.Civ.App.) 218 S. W. 53 (17 months) (writ refused); Texas Glass & Paint Co. v. Fidelity & Deposit Co. (Tex.Com.App.) 244 S.W. 113 (21 months); Jefferson Standard Ins. Co. v. Williams (Tex.Civ.App.) 62 S.W.(2d) 661 (4 years, 5 months).; Hefner v. Fidelity & Casualty Co., 110 Tex. 596, 160 S.W. 330, 222 S.W. 966 (10 months). In the instant case, the proof of loss was not made for more than 3 years after same occurred. Under the law, it cannot be said that proof of loss made after such long delay was due proof and made within a reasonable time.

But appellee insists that he had never been in possession of the policy under which he was insured, and "that as soon as he learned and became fully convinced sometime on or about February, 1933, that he was totally and permanently disabled within the meaning of said policy he asserted his claim," and pleaded his want of knowledge of the provisions of said policy requiring notice and proof of loss as an excuse for his failure to make such proof sooner. We take it that it was because of this pleading and the testimony of appellee supporting same that the issue as to whether appellee made proof of loss within a reasonable time was submitted to the jury, which they answered in the affirmative. Because of this finding, appellee contends he complied with the requirement of the policy for the making of due proof. We think the contention is without merit. The certificate of insurance issued and delivered to appellee under the policy refers to the policy by number, and says that, "under and subject to the terms and conditions of the above mentioned policy," appellee was insured. Appellee had this, his, certificate of insurance in his possession at all times when he was an employee of the Gulf Refining Company and as such insured. By reference to its plain statements, he could have, on February 21, 1930, the last day he worked and the date when his insurance was canceled, or at any time thereafter, have found out about its provisions, and by pursuing the information thus gained have discovered his cause of action, if any he had, and his long wait of 3 years to take any steps to ascertain what, if any, his rights under the certificate were, convicts him of unexcusable negligence and delay, and he cannot now excuse same by his plea of ignorance. The finding of the jury that proof of loss was made within a reasonable time is with-

out support in the evidence and contrary to the well-settled law. The delay in making proof of loss was, as a matter of law, unreasonable, and did not meet the requirement of the policy. The assignment is sustained. and the judgment of the trial court is reversed and judgment here rendered for appellant.

Reversed and rendered.